UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

LIANG RUI PANG, on behalf of himself
and others similarly situated,

                Plaintiff,

       -against-

FLYING HORSE TRUCKING CO. LTD.,
et al.,

                Defendants.

---------------------------------------------------------X

**REPORT AND RECOMMENDATION**
20-CV-6387 (ARR) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

Plaintiff Liang Rui Pang initiated this action against Defendants Flying Horse Trucking Co., Ltd., and others ("Defendants") on December 31, 2020. (Complaint ("Compl."), ECF No. 1.) Plaintiff alleged various claims, including violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"), Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.*[1] Presently pending before the Court is a cross motion for attorney's fees and costs brought by Defendants, which was filed in response to Plaintiff's motion to dismiss his claims. (Cross Mot. for Attorney Fees, ECF No. 30; *see also* Pl.'s Mot. for Voluntary Dismissal, ECF No. 27.)

**I. Procedural History**

On August 22, 2021, Plaintiff filed a motion for voluntary dismissal of his claims without prejudice. (Pl.'s Mot. for Voluntary Dismissal, ECF No. 27; Pl.'s Mem. of Law in

---

[1] Although Plaintiff's Complaint was styled as a collective action under the FLSA and NYLL (*see* Compl., ECF No. 1), and Plaintiff moved for collective action certification, that motion was withdrawn shortly thereafter. (*See* Mot. to Certify FLSA Collective Action, ECF No. 25; Mot. to Withdraw Mot. to Certify FLSA Collective Action, ECF No. 26.)

Support, ECF No. 28.) Plaintiff originally sought dismissal without prejudice, arguing primarily that the motion for voluntary dismissal was filed as early as possible in the case, upon the realization that under the Motor Carrier Act, and "given case law in the Second Circuit, Plaintiffs' FLSA claims for unpaid wages for unpaid hours may not be viable." (Pl.'s Mem. of Law in Support, ECF No. 28, at 3.) Plaintiff also argued that, should the motion for voluntary dismissal be granted, Defendants should not be awarded costs because Defendants would not have achieved a "total" victory because they are still subject to suit on similar claims in state court. (*Id.* at 5 (citing *Warner Bros. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989) and *Belgada v. Hy's Livery Serv.*, No. 3:18-177 (VAB), 2019 WL 632283, at *6 (D. Conn. Feb. 14, 2019).)

In response, Defendants objected to Plaintiff's request for voluntary dismissal without prejudice and filed a cross motion seeking attorney's fees and costs "in the event and to the extent" that Plaintiff's motion for voluntary dismissal was granted without prejudice. (Notice of Cross Mot., ECF No. 30, at 1; *see also* Defs.' Mem. of Law in Opp'n to Pl.'s Mot., ECF No. 33.) Plaintiff's reply to Defendants' opposition conceded that the dismissal of Plaintiff's FLSA claims should be with prejudice. (Mem. of Law in Further Support of Pl.'s Mot., ECF No. 34; *see also* Defs.' Reply Mem. of Law in Further Opp'n to Pl.'s Mot., ECF No. 36, at 2–4.)

On February 15, 2022, the Honorable Allyne R. Ross decided Plaintiff's motion for voluntary dismissal, ruling as follows:

> Plaintiff in this case has brought claims against defendants under the Fair Labor Standards Act (FLSA) and various provisions of New York Labor Law (NYLL). *See* Compl., ECF No. 1. Plaintiff and defendants both request that I dismiss plaintiff's FLSA claims with prejudice. *See* Mem. of Law in Opp'n to Pl.'s Mot. 4-8, ECF No. 33; Mem. of Law in Further Supp. of Pl.'s Mot. 1, ECF No. 34. I grant the parties' request and dismiss the FLSA claims with prejudice. Defendants also urge me to exercise supplemental jurisdiction over the remaining state law claims. *See* Reply Mem. of Law in Further Opp'n to Pl.'s Mot. 2-4, ECF No. 36. I decline to do so. Having

2

> "balanced the traditional values of judicial economy, convenience, fairness, and comity,["] *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)), I conclude that they do not support my exercise of supplemental jurisdiction over the remaining causes of action. I therefore dismiss plaintiff's NYLL claims without prejudice.

(Feb. 15, 2022 ECF Order.) Judge Ross also referred Defendants' cross motion for fees to the undersigned Magistrate Judge. (*Id.*)[2]

## II. Discussion

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Federal Rule of Civil Procedure 52(d)(2), in turn, requires claims for attorney's fees to be made by motion. Notwithstanding the general rule by which a prevailing party is entitled to costs, the Supreme Court has observed that "the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). "In light of the general rule, when a prevailing party is denied costs, a district court must articulate its reasons for doing so." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016). Ultimately, "the losing party has the burden to show that costs should not be imposed." *Id.*

As noted above, Plaintiff argues that Defendants are not entitled to fees and costs here because Defendants may still be liable under the New York Labor Law as to the same allegations. (Pl.'s Mem. of Law in Support, ECF No. 28, at 5 (citing *Warner Bros.*, 877 F.2d at 1126 and *Belgada*, 2019 WL 632283, at *6).) Under these circumstances,

---

[2] Federal Rule of Civil Procedure 54(d)(2)(D) expressly provides that the court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if were a dispositive pretrial matter."

3

Plaintiff argues that "Defendants' 'victory' is a technical one that does not qualify them as a prevailing party." (*Id.* (citing *Warner Bros.*, 877 F.2d at 1126 ("A party's success on a claim that is 'purely technical or de minimis' does not qualify him as a 'prevailing party.'")).) Plaintiff also argues that there is no authority for an award of attorney's fees, particularly in light of the fact that the FLSA provides for fee-shifting in favor of prevailing employees, but not employers. (Mem. of Law in Further Support of Pl.'s Mot., ECF No. 34, at 5 (noting that "29 U.S.C. § 216(b) provides that a prevailing plaintiff may seek reasonable attorney's fees and costs" but that "Defendants need to make a showing of bad faith to recover"); Mem. in Opp'n to Defs.' Cross Mot., ECF No. 35, at 5.)

Defendants argue that, in the event of dismissal of the FLSA claims with prejudice, they face "substantial risks" of Plaintiff's refiling his NYLL claims in state court, and that they "are entitled to being reimbursed for the litigation costs incurred for the concededly frivolous lawsuit filed by Plaintiff." (Defs.' Reply Mem. of Law in Further Opp'n to Pl.'s Mot., ECF No. 36, at 5.) Defendants further contend that a dismissal with prejudice constitutes an adjudication on the merits in Defendants' favor, entitling them to fees and costs. (*Id.* (citing *Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986).)

Although the Second Circuit has observed that a defendant may be a prevailing party when a plaintiff requests a Rule 41(a)(2) dismissal with prejudice, an award of costs is not automatic. *See Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 166 (2d Cir. 2014) (observing that where the court granted voluntary dismissal on some claims, together with a grant of summary judgment as to others, "the victory for the County Defendants was total" and the underlying claims were "from the beginning, 'frivolous, unreasonable, or without foundation'").

4

When faced with similar circumstances to this case, where a Plaintiff agreed to voluntary dismissal of FLSA claims but planned to proceed in Connecticut as to state law claims, the court in *Belgada* granted dismissal of the FLSA claims with prejudice but denied Defendants' request for costs and fees, concluding that "Defendants' 'victory' would not be a 'total' one." *Belgada*, 2019 WL 632283, at *6. In another similarity to this case, the Defendants in *Belgada* urged the district court to retain supplemental jurisdiction over the state law claims, which the court declined to do, observing as follows:

> As the Second Circuit has noted, declination of supplemental jurisdiction does not necessarily confer prevailing party status on a defendant unless the state law claims truly cannot be refiled in state court. *See Carter*, 759 F. 3d at 166 ("Other courts have ruled that a declination to exercise supplemental jurisdiction is insufficient to confer prevailing party status on a defendant, since those claims could later be refiled. In the circumstances of this case, however, a state court had dismissed the state law claims on the pleadings before the district court resolved the motion for attorney's fees in the federal case. Accordingly, there was no chance that these claims would be refiled, and the defendants are properly considered prevailing parties on these claims.") (citing *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1024 (9th Cir. 2009)).

*Id.* at *7.

Just as in *Belgada*, in this case, the district court granted Plaintiff's motion for voluntary dismissal of the FLSA claims but declined to exercise supplemental jurisdiction for prudential reasons. (Feb. 15, 2022 ECF Order.) Under these circumstances, it cannot be said that Defendants are prevailing parties. In addition, in light of the differences between the federal motor carriers exemption under the FLSA and the New York Labor Law overtime provisions applicable to truck drivers, it would be premature to conclude that Defendants will prevail in state court. *See Hayward v. IBI Armored Servs., Inc.*, 954 F.3d 573, 576 (2d Cir. 2020) (per curiam) (holding that "the NYLL clearly states that for employees who are exempt from the FLSA under the Motor

Carrier Exemption, employers must provide overtime compensation at a rate of one and one-half times the minimum wage").[3] Given the nature of Plaintiff's claims, the applicable law, the relatively short period of time that Plaintiff's claims were pending in this case, and the likelihood that Plaintiff will refile the NYLL claims in state court, an award of fees and costs is not warranted in this case.

The Court also notes that an award of fees and costs when a case is withdrawn at an early stage risks promoting inefficiency, as the Second Circuit has observed. *See Paysys Int'l Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 109 (2d Cir. 2018) ("When a plaintiff decides that its case is no longer worth litigating, it is efficient to incentivize that party to dismiss its case (on terms that will not prejudice the defendant), rather than remain in court, wasting our resources and those of the opposing party."). Indeed, "[t]here is little benefit to anyone if an unwilling plaintiff refrains from filing a Rule 41 motion simply because it fears that the conditions imposed on a grant of dismissal might be more costly to it than continuing the litigation." *Id*.

---

[3] Plaintiff argues that Defendants have failed to show bad faith, as necessary to recover costs. (Mem. of Law in Further Support of Pl.'s Mot., ECF No. 34, at 5, 6 (citing *Colombrito v. Kelly*, 764 F.2d 122 (2d Cir. 1985)); Mem. in Opp'n to Defs.' Cross Mot., ECF No. 35, at 5, 6 (citing *Colombrito*).) In support of their request, Defendants cite to *Colombrito*, a case analyzing attorney's fees under 42 U.S.C. § 1988, which expressly anticipates the award of fees for prevailing defendants, but have failed to cite any authority for the proposition that a prevailing defendant is entitled to attorney's fees in the context of an FLSA claim. (*See* Defs.' Mem. of Law in Opp'n to Pl.'s Mot., ECF No. 33, at 8–9.) As to the question of costs, the Court notes that Plaintiff claims to have filed the motion for voluntary dismissal without prejudice "after careful deliberation." (Mem. of Law in Further Support of Pl.'s Mot., ECF No. 34, at 6; Mem. in Opp'n to Defs.' Cross Mot., ECF No. 35, at 6; *see also* Pl.'s Mot. for Voluntary Dismissal, ECF No. 27; Pl.'s Mem. of Law in Support, ECF No. 28.) Given the procedural history here, the Court credits that Plaintiff withdrew his motion for conditional collective certification and filed the motion for voluntary dismissal reasonably promptly "upon the determination that the likelihood of success [was] low . . . ." (Mem. of Law in Further Support of Pl.'s Mot., ECF No. 34, at 6; Mem. in Opp'n to Defs.' Cross Mot., ECF No. 35, at 6; *see* Mot. to Withdraw Mot. to Certify FLSA Collective Action, ECF No. 26.) Accordingly, the Court does not find that Defendants have made a showing of bad faith.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Defendants' cross motion for attorney's fees and costs be denied.

\* \* \* \* \*

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
      February 23, 2022

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE